IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02256-BNB

VINCE EDWARD WILSON,

    Applicant,

v.

CHARLES DANIELS,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Vince Edward Wilson, is a prisoner in the custody of the United States Bureau of Prisons at the Victorville Medium I Federal Correctional Institution in Adelanto, California.  Applicant has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 13, challenging the validity of his conviction and sentence.  On December 16, 2013, Magistrate Judge Boyd N. Boland entered an order directing Applicant to show cause why the Application should not be denied.  In particular, Applicant was directed to show cause why the instant action should not be dismissed as either successive or abusive because the Application includes claims that already were adjudicated in prior habeas corpus proceedings.  Applicant has not responded to the show cause order.

    The Court must construe the Application liberally because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court will dismiss the action for the reasons stated below.

In the December 16, 2013 Order, Magistrate Judge Boland found as follows.

> Applicant was convicted of drug trafficking and weapons offenses following a jury trial and was sentenced in the United States District Court for Central District of California (Central District of California) to 352 months on June 30, 2006,. *See United States v. Wilson*, No. 04-cr-01453-ABC, ECF No. 134 (C.D. Cal. June 30, 2006). The judgment of conviction was affirmed on direct appeal. *United States v. Wilson*, No. 06-50384 (9th Cir. Mar. 7, 2008). Applicant subsequently challenged his sentence pursuant to Fed. R. Crim. P. 36 in the Central District of California and in the United States Court of Appeals for the Ninth Circuit. *See* No. 04-cr-01453-ABC at ECF Nos. 204 and 214. Applicant also challenged his sentence in a 28 U.S.C. § 2241 habeas action that he originally filed in the United States District Court for the Eastern District of California but was transferred to the Central District of California. *See Wilson v. Ives*, No. 09-cv-05795-ODW-MAN, ECF No. 15 (C.D. Cal. June 4, 2010), *denying cert. of appealability*, No. 55962 (9th Cir. Jan. 23, 2012). In both the Rule 36 motion and the § 2241 action, Applicant claimed that the amended judgment entered on July 5, 2006, in his criminal case dismissed twelve of the thirteen counts in his conviction and reduced his sentence from 352 months to fifty-two months.
>
> In this action, Applicant again asserts that he is being illegally detained because an amended judgment was entered on July 5, 2006, that reduced his sentence to fifty-two months and that he should have been released from prison at the latest on October 29, 2013. Applicant contends that his first § 2241 habeas action was filed prematurely because there was no "clarity in the Sentencing Process," and only now the issue is ripe for consideration. Nov. 1, 2013 Application, ECF No. 13, at 13.
>
> In *Wilson*, No. 09-cv-05795-ODW-MAN, the Central District of California denied relief because there is no factual basis for finding that Applicant was sentenced based on the original indictment and that the amended judgment vacated twelve of the thirteen counts leaving only a fifty-two month sentence. Applicant does not dispute the fact that he has raised the same or substantially similar claims in his prior habeas corpus action. Instead, he argues that his claims were not ripe when he filed the previous habeas action due to "the misplacing of the revised judgment." November 1, 2013 Application at 14.

ECF No. 17 at 2-3.

Pursuant to 28 U.S.C. § 2244(a), the Court need not entertain a habeas corpus application pursuant to § 2241 "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."  Furthermore, in addressing the bar of successive writs, grounds may be considered the same even when supported by different legal arguments.  See *Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010) (citing *Sanders v. United States*, 373 U.S. 1, 16 (1963).

The Court finds no basis for Applicant's claim that this § 2241 action is not successive because his first § 2241 action was premature.  The Central District of California denied Applicant's first § 2241 action well after the "amended judgment" was entered and determined no factual basis for finding the amended judgment vacated twelve of the thirteen counts leaving only a fifty-two month sentence.  Applicant's claims are the same as the claims he asserted in the Central District of California.  The Court, therefore, finds that this action is barred as successive pursuant to 28 U.S.C. § 2244(a).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as successive pursuant to 28 U.S.C. § 2244(a).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  24th  day of    January         , 2014.

BY THE COURT:

　　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court